**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANTHONY WILLS** | : | |
| **Petitioner** | : | **Civil Action No. 06-2256 (RJL)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION, et. al.,** | : | |
| **Respondents** | : | |

**UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's petition for a writ of habeas corpus. In support of his petition, the petitioner claims that the U.S. Parole Commission is an unconstitutional entity and, as such, has no authority and jurisdiction to issue a parole violator warrant and revoke his parole. In addition, the petitioner claims that he has completed service of his sentences because the U.S. Parole Commission lacks the authority to order the forfeiture of the time he spent on parole, known as street time, and that such forfeiture violates the Ex Post Facto and Due Process clauses of the Constitution. However, because the constitutionality of the U.S. Parole Commission and its authority to supervise parolees and revoke parole is well established, and because the District of Columbia Court of Appeals has decided the issues concerning the forfeiture of street time squarely in favor of the position of the U.S. Parole Commission, the petitioner's petition for a writ of habeas corpus should be summarily denied.

**PROCEDURAL HISTORY**

On January 5, 1990, a judge in the Superior Court of the District of Columbia sentenced Petitioner to an 11-year sentence for charges involving distribution of heroin and cocaine that were brought against him in Criminal Case Nos. F-8030-85 and F-2633-86. See Attachment A (Sentence Monitoring Computation Data). On November 12, 1992, Petitioner was released on parole, and the District of Columbia Parole Board ("Parole Board") established that his sentence would expire on May 31, 2000. See Attachment B (Certificate of Parole, D.C. Parole Board, August 18, 1992). However, the Parole Board revoked Petitioner's parole and granted him reparole to supervision on December 18, 1996, because Petitioner failed to follow the directions of his Parole Officer. See Attachment C (Notice of Board Order, December 18, 1996). Petitioner was released back into the community on March 10, 1997, with a new sentence expiration date of June 22, 2000. See Attachment D (Certificate of Parole, Parole Board, February 27, 1997).

On April 1, 1998, Petitioner's parole officer informed the Parole Board that Petitioner violated his conditions of parole by using illegal drugs, and for failing to report to his parole officer as directed. See Attachment E (Statement of Alleged Parole Violations, April 1, 1998). Consequently, the Parole Board revoked Petitioner's parole on August 24, 1998, and ordered that he be re-paroled by January 17, 1999. See Attachment F (Notice of Board Order, August 24, 1998).

On February 17, 1999, Petitioner appeared before a hearing examiner with the U.S. Parole Commission ("Commission") for a reconsideration hearing to determine when he should

be released back into the community.[1]  See Attachment G (Hearing Review Summary, February 19, 1999).  The Commission ordered that Petitioner be re-paroled after serving a sentence of 14 months in prison.  See Attachments G and H (Notice of Action, March 15, 1999).   Petitioner was re-paroled on February 15, 2000.  See Attachment I (Certificate of Parole, Commission, February 15, 2000).

On December 2, 2002, Petitioner's community supervision notified the Commission that Petitioner violated the conditions of his release by failing to report for supervision, for failing to submit to a drug testing, and for failing to report as directed.  See Attachment J (Report of Alleged Violation, December 2, 2002).  Consequently, the Commission issued a parole violator warrant for his arrest on December 2002.  See Attachment K (Warrant, December 17, 2002). That warrant was executed on March 25, 2003.  Id. at 3.   When the Commission later learned that Petitioner had been arrested and charged with drug and theft-related offenses in Montgomery County, Maryland on February 20, 2003, it supplemented its parole violator warrant with this information.  See Attachment M (Supplement to Warrant, March 31, 2003). The Commission supplemented its warrant against Petitioner when it later learned that Petitioner entered a plea of guilty to the theft-related offense that he committed in Maryland on February 20, 2003.  See Attachment N (Supplement to Warrant, April 15, 2003).   The Commission offered and Petitioner accepted, an expedited parole revocation proceeding, where Petitioner waived his parole revocation hearing and accepted the Commission's recommendation to revoke

---

[1]   The Commission assumed responsibility of making parole release decisions for all eligible D.C. Code offenders on August 5, 1998.  See D.C. Code § 24-131.  Two years later, the Parole Board was abolished, and the Commission assumed the responsibilities that were previously handled by the Parole Board, which included revoking the parole of D.C. Code offenders.

his parole based on the record. See Attachment O (Notice of Eligibility of Expedited Revocation Procedure). Pursuant to the expedited revocation agreement, the Commission revoked Petitioner's parole, it forfeited the time he had already spent on parole, it required him to serve an extra 14 months in prison, and it ordered that Petitioner be re-paroled on May 25, 2004. Id., see also Attachment P (Notice of Action, April 25, 2003). On June 25, 2004, the Commission rescinded its order of re-parole on May 25, 2004, because Petitioner committed a drug-related offense while he was incarcerated; consequently, Petitioner was to be re-paroled on January 25, 2005. See Attachments Q and R (Notice of Action, June 25, 2004; Certificate of Re-parole, January 25, 2005). When Petitioner was re-paroled, his full term expiration date of his sentence was determined to be August 21, 2008. Id. at Attachment R.

On April 26, 2005, Petitioner's parole officer informed the Commission that Petitioner was not complying with his conditions of parole. See Attachment S (Letter, April 25, 2004).[2] Consequently, on June 3, 2005, the parole officer requested that the Commission issue a warrant for Petitioner's arrest; a warrant was issued on June 19, 2005. See Attachments T and U (Letter of June 3, 2005, Warrant of June 19, 2005). Subsequent to Petitioner's arrest on the warrant, the Commission ordered Petitioner's immediate release, cancelled the revocation proceedings in the case, and ordered Petitioner to report to his Community Supervision Officer immediately. See Attachment V (Notice of Action, November 2, 2005).

On July 17, 2006, Petitioner's parole officer notified the Commission that Petitioner was

[2] Petitioner was then under the supervision of the U.S. Probation Office for the District of Maryland, because Petitioner had been released to the District of Maryland upon his re-parole in January 2005. See Attachment R at 3 ("You must go directly to the District of Maryland and appear in person at the United States Probation office...").

failing to comply with his conditions of parole. See Attachment W (Letter, July 17, 2006). Among other violations, Petitioner had been arrested and charged with Theft. Id. Consequently, a parole violator warrant was issued for his arrest on August 21, 2006. See Attachment X (Warrant, August 21, 2006). Subsequent to the execution of the warrant, Petitioner consented to an expedited parole revocation procedure in this case. See Attachment Y (Advanced Consent To Expedited Revocation Decision, October 31, 2006). Pursuant to its decision, the Commission revoked Petitioner's parole, forfeited the time Petitioner had previously spent on parole, and granted him re-parole after the service of 12 months in custody. See Attachment Z (Notice of Action, December 4, 2006). On December 22, 2006, the Commission amended its order, and ordered that Petitioner's parole violation sentence run consecutive to the 100-day sentence he received for a recent theft-related offense in the Superior Court of the District of Columbia. See Attachment AA (Notice of Action, December 22, 2006).

On December 29, 2006, Petitioner's pro se Petition for a Writ of Habeas Corpus was filed in U.S. District Court for the District of Columbia.

**ARGUMENT**

In his petition, the petitioner challenges the Commission's authority and jurisdiction to issue parole violator warrants, revoke his parole, and forfeit the time he spent on parole, known as "street time." The petitioner argues that the Commission lacks authority to detain him because it is not an Article III court with judicial power and the Commission's actions violate the separation of powers doctrine. The petitioner also argues that the Commission has been abolished, that the Commission has no jurisdiction over D.C. Code prisoners and parolees, and that the Commission has no authority to forfeit his time spent on parole, i.e., street time.

Contrary to the petitioner's arguments, the constitutional authority of the U.S. Parole Commission is well established, the Commission has not been abolished, it is settled that the Commission has jurisdiction over D.C. prisoners and parolees and can forfeit a parolee's time spent on parole upon revocation of parole. Accordingly, the petitioner's claims are without merit, and should be summarily denied.

The Commission has no authority to impose a prison sentence on a D.C. Code offender upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. See D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). Rather, the Commission has full authority to grant, deny, or revoke a D.C. offender's parole, pursuant to D.C. Code § 24-131(a). The Commission exercises its authority over D.C. Code parolees by virtue of the National Capital Revitalization and Self-Government Improvement Act of 1997, Title XI of Pub. L. 105-33, § 11231. See D.C. Code § 24-131 (a) (2001); Pate v. United States, 277 F. Supp.2d 1, 3 n. 2 (D.D.C. 2003); Allston v. Gaines, 158 F.Supp.2d 76, 78 (D.D.C .2001). This law expressly requires the Commission to apply D. C. parole laws. See D.C. Code § 24-131(c) ("The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia...").

The constitutional authority of a parole agency to detain a parolee, and to return the parolee to prison upon an order revoking parole, is well established.  See Morrissey v. Brewer, 408 U. S. 471, 478-80, 485-89 (1972); see also United States v. Addonizio, 442 U.S. 178, 188 (1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has been committed . . . to the discretion of the Parole Commission"). A parole agency's exercise of

its authority does not violate the separation of powers doctrine and does not unconstitutionally infringe on a judicial function. See Morrison v. U.S. Parole Comm'n., 2006 WL 1102805, *2 (D.D.C. April 26, 2006); see also Simpson v. Ortiz, 995 F.2d 606, 610-11 (5th Cir.) (Parole Commission did not violate doctrine of separation of powers by establishing parole eligibility guidelines), cert. denied, 510 U.S. 983 (1993); Geraghty v. U. S. Parole Comm'n, 719 F.2d 1199, 1211-12 (3rd Cir. 1983) (Commission does not perform a "judicial function" when it grants and denies parole), cert. denied, 465 U.S. 1103 (1984); Artez v. Mulcrone, 673 F.2d 1169, 1170 (10th Cir. 1982) (federal parole statute is not an unconstitutional delegation of judicial power and does not usurp the judicial function; "[i]n granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls"); Page v. U.S. Parole Comm'n., 651 F2d 1083, 1085 (5th Cir. 1981) ("Clearly, the power to grant or deny parole has been vested by Congress in the Commission. This does not infringe upon the judiciary in any fashion."). Because revocation of parole is not a new criminal prosecution in any sense, see Maddox v. Elzie, 238 F.3d 437, 443re (D.C. Cir.), cert. denied, 534 U.S. 836 (2001); cf. id. at 445 ("Morrissey, [supra,] makes clear that parole revocation is not the continuation of a criminal trial but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial.") (emphasis added), the Commission does not usurp Article III powers when it revokes a released prisoner's parole.[3]

---

[3]    The Petitioner's reliance on United States v. Johnson, 48 F.3d 806, 807-08 (4th Cir. 1995) is misplaced. In that case, the district court delegated authority to a U.S. Probation Officer in the absence of Congressional authorization. The Petitioner's case is distinguishable from Johnson because the D.C. Code expressly gives authorization to the Commission to revoke the parole of D.C. offenders, such as the petitioner. See D.C. Code § 24-131(a).

As to the petitioner's argument that the Commission has been abolished, the Commission's abolition date (originally set for November 1, 1992), has been repeatedly postponed by Congress. At the present time, Congress has extended the Commission's existence until October 31, 2008. See United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, §2,  Pub.L.No. 109-76, 119 Stat. 2035 (Sept. 29, 2005).

The petitioner also argues that, when his parole was previously revoked, the U.S. Parole Commission was barred from forfeiting the time he had spent on parole, i.e., his street time. The petitioner claims that the forfeiture of his street time has resulted in a full term date of his original sentences being impermissibly extended beyond the full time date he was given when he was originally released on parole. Therefore, the petitioner argues that he is being unlawfully detained beyond the expiration of his sentences.

 What the petitioner is protesting, of course, is the decision of the District of Columbia Court of Appeals in U. S. Parole Comm'n  v. Noble, 711 A. 2d 85 (D.C. 1998), adopting en banc U. S. Parole Comm'n  v. Noble, 693 A. 2d 1084 (D.C. 1997). This decision upheld the applicability of D.C. Code § 24-406 (a) to D. C. Code parolees like the petitioner. D.C. Code § 24-406 (a) states, in part, that, when parole is revoked, none of the time the parolee spent under parole supervision shall be credited toward his sentence. See also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. 2002) (appellant cannot receive credit for  "street time" after his parole is revoked); Mills v. U.S. Parole Comm'n., 2006 WL 270262, *3 (D.D.C. February 2, 2006) (same); White v. U.S. Parole Comm'n., 2005 WL 3555494, *4 (D.D.C. December 23, 2005) (same); McKee v. U.S. Parole Comm'n., 2005 WL 3211426, *4 (D.D.C. November 28,

2005) (same), aff'd., 2006 WL 3697289 (D.C. Cir. December 8, 2006); Bey v. U.S. Parole Comm'n., 2005 WL 3275922, *3 (D.D.C. August 29, 2005) (same); Redrick v. Williamson, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); McQueen v. U.S. Parole Comm'n., 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); Simmons v. U. S. Parole Comm'n., 2005 WL 758268, *2 (D.D.C. April 1, 2005) (same); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D.Va May 13, 2002) (same) .

Additionally, the District of Columbia Court of Appeals has squarely ruled that the forfeiture of street time does "not violate the Ex Post Facto or Due Process Clauses" of the Constitution. See Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001) (en banc); see also Jones, supra, 2002 WL 31189792 at *1 (No Ex Post Facto violation when sentence was recalculated to exclude any credit previously given for street time); Sanders v. U.S. Parole Comm'n., 2006 WL 473786, * 4 (D.D.C. February 28, 2006) (same); White v. U.S. Parole Comm'n., supra, 2005 WL 3555494 at *4 (same); Bey v. U.S. Parole Commission, supra, 2005 WL 3275922 at *3 (same); McKee v. U.S. Parole Commission, supra, 2005 WL 3211426 at *4 (same); Wade v. Figueroa, 2005 WL 607974, at *2 (D.D.C. March 15, 2005) (same); Redrick v. Williamson, supra, 2005 WL 1155041, at *4 (forfeiture of "street time" for D.C. offenders does not violate Ex Post Facto or Due Process); McRae v. D.C. Parole Board, supra, 2002 WL 32388337, at *2-3 (same). Thus, the Commission correctly forfeited all of the time the petitioner spent on parole supervision ("street time") upon revocation of his parole.

## CONCLUSION

______Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas corpus should be summarily denied.

Respectfully submitted,
JEFFREY A. TAYLOR
United States Attorney

ROBERT D. OKUN
Chief, Special Proceedings Division
Assistant United States Attorney

_________/s/____________________
TRICIA D. FRANCIS
D.C. Bar Number 457-800
Assistant United States Attorney
Room 10-447
555 4th Street, N.W.
Washington, D.C. 20530
202-353-9870

## CERTIFICATE OF SERVICE

______I certify that a copy of the foregoing opposition was mailed on the __26th___ day of February, 2007, to defendant, Anthony Wills, DCDC # 219-128, District of Columbia Department of Corrections, 1901 D Street, S.E., Washington, D.C. 20003.

_________/s/_____________________
Assistant United States Attorney

# ATTACHMENT A

H PAR4I 540*23 * SENTENCE MONITORING * 02-22-2007
PAGE 001 * COMPUTATION DATA * 15:37:35
AS OF 02-22-2007

REGNO..: 06980-007 NAME: WILLS, ANTHONY

FBI NO : 544538DA1 DATE OF BIRTH:
ARS1 MVC/A-DES
UNIT : UNIT D QUARTERS : Z16-209UDS
DETAINERS : NO NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 09-13-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 10-19-2007 VIA PRESUM PAR

CURRENT JUDGMENT/WARRANT NO: 020

COURT OF JURISDICTION : DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER : F8030-85,F2633-86
JUDGE MITCHELL
DATE SENTENCED/PROBATION IMPOSED: 01-05-1990
DATE WARRANT ISSUED : 08-21-2006
DATE WARRANT EXECUTED : 10-20-2006
DATE COMMITTED : 10-20-2006
HOW COMMITTED :: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED : NO
SPECIAL PAROLE TERM :

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

CURRENT OBLIGATION NO: 010
OFFENSE CODE....: 620
OFF/CHG: 33-541, DISTRIBUTION OF HEROIN (CT.B)
33-541, DISTRIBUTION OF COCAINE (CT.C)

SENTENCE PROCEDURE : DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.: 11 YEARS
NEW SENTENCE IMPOSED : 1304 DAYS
BASIS FOR CHANGE PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE : 10-17-1985

G0002 MORE PAGES TO FOLLOW .

REGNO..: 06980-007 NAME: WILLS, ANTHONY

CURRENT COMPUTATION NO: 020

COMPUTATION 020 WAS LAST UPDATED ON 12-15-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 02-05-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN : 10-20-2006
TOTAL TERM IN EFFECT : 1304 DAYS
TOTAL TERM IN EFFECT CONVERTED..: 3 YEARS 6 MONTHS 26 DAYS
EARLIEST DATE OF OFFENSE : 10-17-1985

JAIL CREDIT : FROM DATE THRU DATE
10-27-2005 11-02-2005
10-19-2006 10-19-2006

TOTAL JAIL CREDIT TIME : 8
TOTAL INOPERATIVE TIME : 0
STATUTORY GOOD TIME RATE : 7
TOTAL SGT POSSIBLE : 300
PAROLE ELIGIBILITY : COMMISSION'S DISCRETION
STATUTORY RELEASE DATE : 07-11-2009
TWO THIRDS DATE : N/A
180 DAY DATE : 11-08-2009
EXPIRATION FULL TERM DATE : 05-07-2010

PRESUMPTIVE PAROLE DATE : 10-19-2007
NEXT PAROLE HEARING DATE : UNKNOWN
TYPE OF HEARING : UNKNOWN

PROJECTED SATISFACTION DATE : 10-19-2007
PROJECTED SATISFACTION METHOD...: PRESUM PAR

REMARKS : RELEASE AUDIT DONE ON 02-05-07

G0002 MORE PAGES TO FOLLOW . .

5H PAR4I 540*23 * SENTENCE MONITORING * 02-22-2007
PAGE 003 * COMPUTATION DATA * 15:37:35
AS OF 01-25-2005

REGNO..: 06980-007 NAME: WILLS, ANTHONY

FBI NO : 544538DA1 DATE OF BIRTH:
ARS1 MVC/A-DES
UNIT UNIT D QUARTERS Z16-209UDS
DETAINERS : NO NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-20-2004

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 01-25-2005 VIA PAROLE

PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION : DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER F8030-85,F2633-86
JUDGE MITCHELL
DATE SENTENCED/PROBATION IMPOSED: 01-05-1990
DATE WARRANT ISSUED : 12-17-2002
DATE WARRANT EXECUTED : 03-25-2003
DATE COMMITTED 05-30-2003
HOW COMMITTED : RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED : NO
SPECIAL PAROLE TERM :

RESTITUTION...: PROPERTY: NO SERVICES: NO AMOUNT: $00.00

PRIOR OBLIGATION NO: 010
OFFENSE CODE....: 620
OFF/CHG: 33-541, DISTRIBUTION OF HEROIN (CT.B)
33-541, DISTRIBUTION OF COCAINE (CT.C)

SENTENCE PROCEDURE : DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.: 11 YEARS
NEW SENTENCE IMPOSED : 1977 DAYS
BASIS FOR CHANGE : PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE : 10-17-1985

G0002 MORE PAGES TO FOLLOW . .

REGNO..: 06980-007 NAME: WILLS, ANTHONY

PRIOR COMPUTATION NO: 010

COMPUTATION 010 WAS LAST UPDATED ON 01-11-2005 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN : 03-25-2003
TOTAL TERM IN EFFECT : 1977 DAYS
TOTAL TERM IN EFFECT CONVERTED..: 5 YEARS 4 MONTHS 28 DAYS
EARLIEST DATE OF OFFENSE : 10-17-1985

TOTAL JAIL CREDIT TIME : 0
TOTAL INOPERATIVE TIME : 0
STATUTORY GOOD TIME RATE : 8
TOTAL SGT POSSIBLE : 519
PAROLE ELIGIBILITY : COMMISSION'S DISCRETION
STATUTORY RELEASE DATE : 03-21-2007
TWO THIRDS DATE : N/A
180 DAY DATE 02-23-2008
EXPIRATION FULL TERM DATE : 08-21-2008

PAROLE EFFECTIVE : 01-25-2005
PAROLE EFF VERIFICATION DATE....: 06-25-2004
NEXT PAROLE HEARING DATE : N/A
TYPE OF HEARING : PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE : 01-25-2005
ACTUAL SATISFACTION METHOD : PAROLE
ACTUAL SATISFACTION FACILITY....: CDC
ACTUAL SATISFACTION KEYED BY....: JAF

DAYS REMAINING : 1304
FINAL PUBLIC LAW DAYS : 0

10% DATE - 04/14/2004
COMP CERTIFIED BY D.C. RECORD CENTER ON 01-11-05.

G0000 TRANSACTION SUCCESSFULLY COMPLETED

# ATTACHMENT B

off.•+. id Jon1)

40 69

**BOARD OF PAROLE**
**DISTRICT OF COLUMBIA**
***CERTIFICATE* OF PAROLE**

Certificate-Adult -11678-92

**ADULT**

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that **Wills**, Anthony D.C.D.C. 219-128 is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the **individual** to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on November 12, 19-92, and that said person remain under supervision within the limits of the Washington, Metro Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and **Falls** Church, Virginia) until may 31, 2000 Yom.._; unless or until other action is taken by the District of Columbia **BOARD OF PAROLE.**

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and **seal** of the BOARD this 18th, day of August , 19 92

The above-named was **released on** the day of _ , 19~

Administrator

11-PS W4

# ATTACHMENT C

*** **~

# *The Board of Parole*
*of the*
## ***District of Columbia***

## NOTICE OF BOARD ORDER

Order # I of I

In reference to:

**DCDC** 219-128 NAME ANTHONY L WILLS

**DOB** **SSN** **LOCATION** OCCOQUAN FACILT

**DOCKET** H9612-0021 **CONSIDERATION TYPE H:REVOCATION**

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); GRANT
REPAROLE TO SUPERVISION

Implementation of this Order shall include the following:
Special Conditions of Parole

NARCOTICS SURVEILLANCE

Remarks:

FAILED TO NOTIFY PO/LOSS OF EMPLOYM
FAILED TO CARRY OUT PO INSTRUCTIONS

12/12/1996

Chairman
on beha f of the Board of Parole

Seal

NOA Date by

[ Paru a Determination File ]
HIL'_; A

# ATTACHMENT D

**BOARD OF PAROLE**

**DISTRICT OF COLUMBIA**

**CERTIFICATE OF** PAROLE

ADULT

Adult Parole Detainer Certificate # 18939-97

**The DISTRICT OF COLUMBI : BOARD OF PAROLE, having been' advised that**

Wills_,..Anthony D:C.D.C... 2-1 9-1-28 _ i3 eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that -the above-named be PAROLED on March 10, , 19 97 , and that said person remain under supervision within the limits of the state of Virginia Detainer

~'o3~s~bi xR amc2x gez~enrixbfxix oKte c:3o, those x1) l~t~dGx~atlaRg 931x c t 1#yC

C«irutitsxzfx'4~ergbzmS,ixoiaciing ~caB2 sloe$ x aaxf s utd~cF sc #sRF xY~tz i

until June 22, 2000 unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this . 27th day of February , 19 97

Grant parole to detainer issued by: State o€ ;1yrgiRia (Arlington County Detainer)

A TRUE COP-,

~JJ

The above-named was released on

Administrator

subject is released prior to:
fshe is to report upor_- release to
-ole Supervision, 300 Indiana Ave., N.W.,
I Floor, Washington, D.C. 20001
.ephone )#202-727-1646

D

BI-PS804

# ATTACHMENT E

GOVERNMENT OF THE DISTRICT OF COLUMBIA
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N . W . , 2ND FLOOR
WASHINGTON, DC 20001

April 1, 1998

STATEMENT OF ALLEGED PAROLE VIOLATION(S)

PAROLEE:WILLS, ANTHONY LAMONT DCDC#219-128

ALIAS (ES) PDID#353-551

FBI#554-538-DA1

LAST KNOWN ADDRESS: DOB.__

MD RACE:BLK SEXM

HGT: 5'10" WGT: 218 EYES:BLK HAIR:BRN. COMPLEXION: LT. SKIN

IDENTIFYING SCARS/MARK: TATTOO "AW" RIGHT ARM

SENTENCE TYPE: XADULT YRA _FYCA YRA&ADULT _FYCA& ADULT

X SUBJECT IS AT LARGE SUBJECT IS CONFINED IN

PAROLE OFFICER: MR. J. EPPS PAROLE UNIT: GSU III

The parolee identified above is alleged to have committed the following violation(s) of parole:

1. Subject illegally used a controlled-dangerous substance (Cocaine) three times during these office visit, 8/1, 9/4, 10/2/97. Code (0406) 3 counts

2. Subject failed to report as directed, when in the office on 12/30/1997. He was told to be back in the office on 01/15/1998, in the office on 01/22/1998. He was told to be back in the office on 02/05/1998, and a telephone call was made to the subject home on 02/18/1998 and a message was left on the answering machine for the subject to be in the office on 02/19/1998 to no avail. Code (1004) 3 counts



# ATTACHMENT F

**The Board of Parole**

*of the*

**District of Columbia**

****

NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 219-128 NAME ANTHONY L WILLS

DO1 SSN . - **LOCATION OCCOQUAN** FACILT

**DOCKET** H9808-0020 **CONSIDERATION TYPE** H:REVOCATION

Tile District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR NONCRIMINAL VIOLATION(S); CONSIDER FOR REPAROLE BY 01/17/1999

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

COMPLETE SUBS. ABUSE PROG
NARCOTICS ANONYMOUS

R.',iarks:

ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO REPORT AS DIRECTED
FAILED TO REPORT AS DIRECTED
FAILED TO REPORT AS DIRECTED

08/24/1998

Date

Chairman
on behalf of the Board of Parole

Seal

( Parole Determination File ]
EPPS, J

T N:: A Date q by              

# ATTACHMENT G

O

# SIR/REVIEW HEARING SUMMARY

**Hearing Type: ..** SIH

**Name:** WILLS, Anthony

**Reg No:** 00219-128

**Hearing Date:... 2/17/99**

**Institution:** Occoquan

**Examiner:** Rob Haworth

**2/3 or MR Date:** 7/30/2003

**Projected MR Date: . .**

**Full Term Date:** 5/16/2005

**Months in Custody: ..** 7

As Of.... 2/17/99

**Recommended Release** 7/16/99 After the Service of 12 Months.

---

**I. Previous Commission Action:**

See the Pre-Hearing Assessment dated 1/28/99.

The last Notice of Action by the DC Parole Board is dated 8/24/98 and ordered that parole be revoked for non-criminal violations and the reconsideration to occur by 1/17/99. The subject had been involved in drug use and failing to report to his USPO as directed.

The subject admitted using drugs and stated that he had tried hard not to. He stated that he had discussed it with his parole officer on numerous occasions and they were working together to get him in a drug program. The subject stated that he was on the waiting list for a program. The subject claims that he promised his parole officer he would stop using drugs, but, he was unable to. He felt very bad about that the did not report to his probation officer because he could not face him. The subject stated that he was working and trying to take care of his family, but, he could not keep from using drugs at that time.

**H. Codefendants:**

No new information.

**III. Institutional Adjustment And Release Plans:**

The subject has maintained a good institution record. He works on the Paint Detail and receives excellent to outstanding work reports.

The subject has participated in Alcoholics Anonymous and Narcotics Anonymous. He has certificates for completion of Narcotics Anonymous.

When released from prison the subject will return to the home of his wife and children. The

subject stated that they rent a home in SE, Washington, DC. The subject will return to his employment with Security Storage and Movers. The subject claims a good work record in spite of his drug use.

**IV. Fines, Restitution, Court Assessment:**

None

V. **Representative:**

None

VI. **Risk:**

The subject is not a serious risk. No history of violence.

**VII. Evaluation:**

The subject has had difficulty in the community because of his drug use. However, it is important to note that his prior record is not lengthy and involves exclusively drug offenses. The subject's instant conviction occurred almost 10 years ago. His problems on parole have been drug use related.

The subject has been participating in drug programming in the institution and his attitude seems sincere. Twelve months is substantial punishment for these violations. The subject is not a threat to the community and the chance of success on parole is somewhat better because he is married with family responsibilities and has a record of employment.

**VIII. Recommendation:**

(1) Parole effective 7/16/99 after the service of 12 months with placement in a Community Correction Center for 30 days prior to parole and special drug aftercare.

GTT
February 23, 199

Addendum by Commissioner Simpson prepared March 10, 1999

I have modified the recommendation for a date several months later to ensure that there is adequate CCC placement to assist in the community transition.

Order:

Parole effective after the service of 14 months September 16, 1999 with special drug aftercare with highest level os supervision and with placement in a CCC for up to 90 days recommended prior to parole

# ATTACHMENT H

J.S.'Department of Justice
sited States Parole Commission
550 Friendship Boulevard
hevy Chase, Maryland 20815-7201

**Notice of Action**

lame: WILLS, Anthony

register Number: 00219+128 Institution: Occoquan Facility

a the case of the above-named, the following parole action was ordered:

arole effective on September 16, 1999, after the service of 14 months, with recommendation for lacement in a community corrections center for up to 90 days prior to the parole date, and with the ighest level of supervision. In addition, you shall be subject to the Special Drug Aftercare ondition which requires that you participate as instructed by your Supervision Officer in a program npatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for he treatment of narcotic addiction or drug dependency, which may include testing and examination o determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol nd/or all other intoxicants during and after the course of treatment.

DOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your elease plan by the Commission. Your release plan will be investigated by the D.C. Court Services lnd Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a iarole certificate can be delivered. If your release plan is to a jurisdiction outside the District of ;olumbia, arrangements must also be made by CSOSA for your supervision under the Interstate compact, which may delay your release on parole.

'HE ABOVE DECISION IS NOT APPEALABLE.

**SEASONS:**

tour parole violation behavior is rated as Category One severity because it involved administrative violations. Your salient factor score (SFS-98) is 3. You have been in confinement as a result of your )ehavior for a total of 7 months as of February 17, 1999. Guidelines established by the Commission or revocation behavior indicate a customary range of 12-16 months to be served for cases with a good nstitutional adjustment and program achievement. After review of all relevant factors and nformation presented a decision outside the guidelines at this consideration is not found warranted.

;c: D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W.
Suite 2134
Washington, D.C. 20001

(H)

**Date: March** 15, 1999 **Clerk: adc**

 WILLS.219

our Pts Item Explanation **SALIENT FACTOR SCORE**

**0** . , , **A -** Prior convictionsladjudications (adult or juvenile)
None = 3; One = 2; Two or three = 1; Four or more = 0

• . . . . B - Prior commitments of more than thirty days (adult or juvenile)
None = 2; One or two = 1; Three or more = 0

3 .... C - **Age** at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)

• .... D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such conunitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0 .... E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

• . ... F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

Points For SFS Item C

| Age | Prior Commitments 0-3 | 4 | 5+ |
|---|---|---|---|
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Date: March 15, 1999 Clerk: adc

 WILLS.219

# ATTACHMENT I

# Memorandum

II Henderson

RECEIVED FEB 25 2000 P.M.

Subject

**PAROLE CERTIFICATE**

**Wills, Anthony**
**D C No.** 00219+128

Date

**February 7, 2000**

To

Elias Kibler, Director
Parole Supervision Services
D.C. Court Services & Offender Supervision
300 Indiana Avenue, N.W.
Suite 2132
Washington, 20004

From

Mary Williams
ary illiams
Case Analyst
U.S. Parole Commission

Attached is the Parole Certificate for the above-named. Please execute the Certificate, make a copy for the inmate, a copy for your file, and return the executed original to the Commission at the following address:

5550 Friendship Boulevard
Suite 420
Chevy Chase, MD 20815-7286

If you have any questions, please contact this office at (301) 492-5821. Thank you for your continued cooperation.

Attachment

MJW

(I)

01 G

CSOSA Supervision



r

**U.S. Department of Justice**
United States Parole Commissio n

**CERTIFICATE OF PAROLE.**
District of Columbia Offended

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission K **ony,** DCDC No. **00219+128,** is eligible to be paroled, and that there is a reasonable pro 1 at the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **February 15, 2000,** and that said prisoner is to remain within the limits of **the Washington, D.C.** Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until **May 16, 2005.**

Given under the hands and the seal of the United States Parole Commission on February 7, **2000.**
UNITED STATES PAROLE COMMISSION

**By: ry illiams, Case Analyst**

Docket/Case Number: F-8030-85B and F-2633-86C

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the** Disclosure of Drug/Alcohol Treatment Information:
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

'A._?'K. Will 219-1
Name DCDC N

Witnessed: Joseph Sheffey 2/15/00
Name and Title Date

The above-named person was released on the 1.i1day of ____, 19 2000 with a total of /~/ 7 days remaining to be served.

Official Certifying Release

This CERTIFICATE will become efi ive on the day of release indicated above. If the ref 4see fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the District of Columbia (unless released to the custody of other authorities) and immediately report in-person to the Parole Supervision Services Division of the District of Columbia Board of Parole *(300 Indiana* Avenue, *NW, Suite 2134, Washington, DC 20001.)*
2. If you are released to the custody of other authorities, immediately after your release from the custody of such authorities, you shall report in person to the Parole Supervision Services Division at the above address. If you are released to the community by an institution more than fifty miles from the District of Columbia, you shall report in person to the Parole Supervision Services Division within three days.
3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.
4. You will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed, or used.
5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.
6. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.
7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.
8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.
9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.
10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.
11. You shall permit confiscation by your Supervision Officer of any materials which your Supervision Officer believes may constitute contraband in your possession and which your Supervision Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.
12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.
13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by the Board of Parole or the Supervision Officer.
14. You shall cooperate fully with the Board of Parole and those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause your return to the institution.
15. The U.S. Parole Commission may add to, modify, or delete any condition of parole at any time prior to the release of the offender. Following delivery of the parole or mandatory release certificate, such jurisdiction is vested in the Board of Parole of the District of Columbia until that jurisdiction is transferred to the U.S. Parole Commission on or before August 5, 2000.
16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state, or local convictions for sexual offenses. In addition, 42 U.S.C. § 14072(i) makes it a federal crime for any offender covered by 18 U.S.C. § 4042 to fail to register in accordance with state law. If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

You shall also abide by the special condition(s) as indicated below *with the **highest level** of supervision:*

You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of

aleokol and/or all other int ants during and after the course of tre' ..nent.

*Information* concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

# ATTACHMENT J



Co t Services and Offender Supervision Agency
For the District of Columbia
Community Supervision Services
General Supervision Branch "B "
US PAROLE CC":1MISSiON

**REPORT F LLEGED VIOLATION** (s)

12/2/2002

**TO:** United States Parole Commission
5550 Friendship Blvd., Ste. 420
Chevy Chase, MD 20815-4286

**FROM:** Rodney D. Taylor, Community Supervision Officer
**Unit:** Branch IIB/ Team 6
**Telephone:** 202-585-7808

**Client:** Anthony L. Wills
**DCDC #:** 219-128
**FBI #:** 554-538-DAI
**PDID #:** 353-551

**0 980 -0a 1**

**Action Recommended:** **Warrant**

**Sentencing Information:**

Mr. Anthony L. Wills was sentenced on January 5, 1990 to 2 to 6 years for Distribution of Heroin #F 8030-35 (B). Also, 20 months to 5 years to run consecutive for the Distribution of Cocaine #F 2633-86 (C). Mr. Wills was released on discretionary parole on February 17, 2001 and has a full-term date of 5-16-2005. The special condition imposed on Mr. Anthony L. Wills required him to participate in drug aftercare program and submit to Narcotics Surveillance.

**Violations:**

ALLEGATION #1, Condition #1: **"Failure to Report For Supervision":** Mr. Wills failed to report for supervision on 10/1/2002, when he was instructed by CSO S. Suggs to report back on 10/1/02. As evidence in the Supervision Report dated 9/24/02.

**ALLEGATION #2, Condition #13: "Failure to Submit To a Drug Test":** Mr. Wills failed to report to drug test on 9/30/02, 10/8/02, 11/5/02, and lastly on 11/12/02. Please refer to the enclosed Prism report dated 12/2/02.

**ALLEGATION #3,** Condition #14: " **Failure to report as Directed":** Mr. Wills failed to report as directed when this officer mailed certified letter to Mr. Wills last listed address instructing him to report on 11/14/02 at 9:00am. Please refer to the enclosed certified letter dated 11/8/02.

**Case Summary:**

On 11/13/2001, this officer assumed supervision of Mr. Will's case. Mr. Wills last reported residing at 3249 23r St. #13 S.E. Washington, D.C. This officer attempted to verify the residence with a home visit on 11/22/02; however, this officer could not locate the listed residence. This officer also attempted to call the residence, but no one answered the telephone and there was no answering machine to leave a message. The telephone number is 202-889-0716.

ffi )

Mr. Wills listed that he was employed with Crosby Corporation located at 835 Bonifant St Silver Spring, MD. 20910, as a labor from 9/15/02 to 9/20/02. In addition, He has failed to provide proof of any additional employment This information was verified on 12/2/2002, in a telephone conversation with Michael Naro, Sales Representative with Crosby Corporation.

Mr. Wills failed to report for supervision on 10/1/2002, when he was instructed by CSO S. Suggs to report back on 10/1/02. As evidence in the Supervision Report dated 9/24/02. Mr. Wills is currently a Loss of Contact.

Mr. Wills failed to report to drug test on 9/30/02, 10/8/02, 11/5/02, and lastly on 11/12/02. Mr. Wills is currently suspended from drug testing as of 11/12/02. Please refer to the enclosed PRISM report dated l 2/2/02 as evidence.

Mr. Wills failed to report as directed when this officer mailed a certified letter to Mr. Wills last listed address instructing him to report on 11/14/02 at 9:00am. Please refer to the enclosed certified letter dated 11/8/02. Also, this officer attempted to deliver a Field Notice of Appointment to Mr. Wills last listed address of 3249 23`d St. #13 S.E. Washington, D.C. 20019. However, this officer could not locate the residence and placed the Field Notice of Appointment in the mail to attempt a delivery of the notice. Please refer to the enclosed Field Notice of Appointment as evidence dated 11/22/02.

**Recommendation:**

This officer is requesting that a Warrant be issued for the officer immediate arrest. The offender has been instructed several times to report for supervision and has failed to follow instructions. The offender is currently a Loss of Contact and constitutes a direct threat to the public's safety.

Respectfully Submitted,

Signature: 6 Taylor

Date: 2// 002 i2~ ~dD~

Mr. Rodne ylor
Communi Supervision Ofttcer

Approved by:

Signature:

Ms. Melody Piper
Supervisory Community Supervision Officer

*P1 d Z1*

Date: 12/2/2002

cc:

# ATTACHMENT K

r 0

' Memorandum

**Subject**
**Warrant Execution Instructions Regarding:**
**Wills, Anthony**
**Reg. No. 06980-007**
**DCDC No.** 219-128

**Date**

**December 17, 2002**

**To**

U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad

**From**

Deirdre Jackson
Case Analyst
U.S. Parole Commission

Enclcsed are the Warrant Application and Wan-ant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

**If the parolee is already in the custody of federal, state, or** local authorities, **do not execute this warrant Place a detainer and notify the Commission. Also, if a** criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence. If after executing this warrant, **it is determined that another arrest warrant for the parolee has been executed or** was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, **release the parolee to the other arrest** warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify **the Commission of this action.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner, (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

CONII\IUNITY SUPERVISION OFFICER: Please keep the Commission advised of all further developments in this case.

If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc: Sharon Barnes-Durbin, SCSA
CSS Data Management Group
D.C. Court Services and Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C. 20001

DMJ

a

to

# WARRANT
# D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Wills, Anthony, Reg. No. 06980-007, DCDC No. 219-128, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 11 years (original); 2498 days (parole violator term) for the crime of Distribution of Heroin; Distribution of Cocaine and was on February 15, 2000 released on parole from D.C. Dept. of Corrections with 1917 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 17, 2002

U.S. Parole Co issioner

**Wills, Anthony**
**Reg. No. 06980-007 DCDC No. 219-128**

1AR. -25' 03 (TUE) 10:42 US MA +L-GREENBELT TEL:30 ^4 8415 05 P.003

.,,.v . v.., 1 1 . V ", J   l LU • 4 l U 7UL LOV4   r. utu

**WARRANT For Return Of Prisoner Released To Supervision**

Name: Wll1S, **Altthony**
Reg. No. 06980.007

Institution: D.C. **Dept.** of Corrections
**DCDC No. 219-128**

---

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE: **Do** not execute this warrant i the subject is being held in custody on other federal, state or local chsrg,a, **unless otherwise ordered by the Commiscion. (SoC** iagrucI1005 on accompanying memo urn.)

District of ' ~r 41 - stt:

Received this writ the 25 day ar1`T~ r(- A 20o. and executed same by arresting the within-named Wills, Anthony this 25 day of March, 2003, at 1000 hrs. and committing him to Montgomery County

J. Hughes
U.S Marshal

~-h / `'ihLrn /c
Depurv Marshal

Fun.ber executed same by committing *hftm to*
at , oe I 20__, the institution designated *by the* Attorney General, WA the copy of the warrant and waaant application.

i

U.S Marshal

Deputy , darshaf

---

NOTE: The original of t.'ris warrant is t be rtt treed to the U.S. Parole Coetmission, 5530 Friendship Boulevard, Chevy Chase, Maryland 20815.

ACKNOWLEDGEMENT OF SERVTdI:

I have received a copy of the warrant application dated

Prisoner's SfgnarweI   Dote

(Ii -¯¯¯isoner refuses ro it~n, Marshal sJrouldi0 fndlcate.~.

WINS. Abthony
0.06980 DCDCNo.219.128

# ATTACHMENT L

U.S. **Department of Justice**

United States Marshals Service

*District of Columbia*

*Unfred Raw C urrhau.ce*
***333 Consriraen 4venwe, N. W.***
***WaxlJngron. D. 20001***

March 28, 2003

FYI FYI F 1 FYI FYI

TO: UNITED STATES PAROLE C MMISSION
Chevy Chase, Maryland 20815

FM: UNFFEU STA'T'ES MARSHALS SERVICE
Washington, D.C. 20001

RE: Warrant Executed

Subject: Anthony Wills
Registration No: 06980-007
DCDC: 219-128
PDID: **353-551**

*The above reference subject was proves ed on March 5, 2003 by the* USMS as a Parole Violator. The Parole ~"iolator has b en committed to the D.C. Department of Corrections. e Parole Vio ator will remain at D.C. Jail awaiting further action by the nited States arole Commission.



# ATTACHMENT M

U.S. DEPARTNI ENT OF JUSTICE
UARTED STATES PAROLE CON-MRSSION

SUPPLEMENT
D.C. Code Offender

Name Wills, Anthony
Reg. No 06980-00
C~CDC No 219-128

Birth Date
Race Black
Date March 31, 2003

CHARGES:

ChurgnNw DrmgPa hm. On 2/20/2003, the subject entei~d A~crW re a the shelf and 8~nlners were valued at $430 ea~::s.-po<-,ket. The subject was arrested by Monts-0 abov 212012003. This information is confii6~d in dismse no' b" pn the information

Proceedings: report
z~~~~~~8{ !m~~~~]~f~~~
1ADMal ]
~l
moo~OWo^7.
M C "T -:;%
002

Warrant
District Sent-/o~.i

Warrant Recommended By:



# ATTACHMENT N

U.S. **DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**SUPPLEMENT**
**D.C. Code Offender**

| | |
|---|---|
| **Name** | Wills, **Anthony** |
| Reg. No | 06980-007 |
| DCDC No | 219-128 |
| FBI No | **554538DA1** |
| Birth Date ................. | |
| Race | **Black** |
| **Date** | **April 15, 2003** |

**CHARGES:**

**Referencing Charge No. 4a - Law Violation - Theft: Less than $500 (CONVICTION).** On 3/3/24, the subject was convicted by guilty plea for the above-cited offense and sentenced to time served (32 days). This information is contained in the collateral response dated 4/8/2003 from USPO Colleen Stone. Status of Custody/Criminal Proceedings: Released to USMS detainer 3/25/2003.
**I ADMIT [ ] or DENY [ ] this charge.**

Warrant Issued ........ **December 17, 2002**
District Sent To ........

**Warrant Recommended By:**

Deirdre Jackson

**Deirdre Jackson, Case Analyst**
**U.S. Parole Commission**



# ATTACHMENT 0

**NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE, OR MANDATORY RELEASE VIOLATOR ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE**

---

**Name:** WILLS, Anthony **Reg. No; 06980-007** **DCDC No.** 219-128

---

1. This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your Parole.

2. The specific chu*ges upon which these findings are based:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Failure to Report to Community Supervision officer as Directed

Charge No. 3 - Failure to Report Change in Employment

Charge No. 4 - Law Violation - (a) Theft over $500; (b) Possession of Drug Paraphernalia

3. Based on the finding of probable cause and information available to the Commission at this time, if your parole is revoked after a hearing, your reparole guidelines will be as follows:

Your parole violation behavior has been rated as Category One severity because it involved theft less than $2000 and administrative violations of supervision. Your salient factor score is 3 (sec attached sheet). You have been in federal confinement as a result of your behavior for a total of 1 month(s) as of 4/24/2003. Guidelines established by the Commission indicate a range of 12-16 months to be served for cases with good institutional adjustment and program achievement.

Pursuant to its regulations, the Commission *will* render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4. Your violation behavior makes you eligible to apply for the following *expedited* procedure. You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the following action in your case:

- Revoke Parole; None of the time spent on Parole shall be credited-
- Reparole after the service of 14 months (5/25/2004).
- In addition, you shall be subject to' the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

0

uvi ail ud to:ua rAp UJYI. IQJ U U 4

5. For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within **14 days of the date noted on the cover letter.** If **the completed form is not received within 14 days,** the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6_ You are under no obligation to apply for the **expedited.rcvocation** ***procedure set forth above.*** If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline *the* proposal_ You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above *will* not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed Parole Commission decision set forth on this form (with respect to revocation of parole, forfeiture of street time, and reparolc.) I understand that my rcparole date is contingent upon my maintaining a record of good conduct in the institution up to *the* date of release and an acceptable release plan. I also understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of a revocation of parole.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

Signature Date 4/17/03

Witness Date 4/17/03

---

I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

Signature *Date*

Witness Date

---

*I wish to* request a 14-day extension to consider this proposal.

0 kdorll 1p

Signature Date

Witness Date

# ATTACHMENT P

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Note of Action**

Name: WILLS, Anthony
Register Number: 06980-007
DCDC No: 219-128

Institution: D.C. - C.T.F.

Date: April 25, 2003

In the case of the above-named, the following parole action was ordered:

**D.C. EXPEDITED REVOCATION**

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole (05-25-2004) after service of 14 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**FINDINGS OF FACT:**

The Commission has found that you violated the following condition(s) of release:

Charge No. I - Failure to Submit to Drug Testing

Charge No. 2 - Failure to Report to Community Supervision Officer as Directed

Charge No. 3 - Failure to Report Change in Employment

Charge No. 4 - Law Violation - a) Theft over $500; b) Possession of Drug Paraphernalia

Basis: Your admission.

**REASONS:**

Pursuant to the revocation proposal you signed on 04-17-2003, your parole violation behavior has been rated as criminal conduct of Category One severity because it involved Theft less than $2000 and administrative violations. Your salient factor score is 3. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score

Item C. As of your hearing date of 04-24-2003, you have been in confinement as a result of your violation behavior for a total of 1 month(s): Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALBLE

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc: Sharon Barnes-Durbin, SCSA
CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2149
Washington, D.C. 20001

Community Supervision Officer
General Supervision Unit VIII
CSOSA
1418 Good Hope Road, S.E.
Washington, D.C. 20020

J. Tulley
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad

Karen Brown, SDUSM
U.S. Marshal Service
U.S. Courthouse 1106A
Third & Constitution Avenue, N.W.
Washington, DC 20001

Case Manager Coordinator
D.C. CCM
10010 Junction Drive
Suite 101 North
Annapolis Junction, MD 20701

to

SALIENT FACTOR SCORE **(SFS-98)**

| Your Pts | **Salient Factor Score** (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudication (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| **0** | **D -** Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| **0** | **E -** Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| **0** | **F -** Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = **0** |
| **3** | **Salient Factor Score** (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26&Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

# ATTACHMENT Q

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: WILLS, Anthony
Register Number 06980-007
DCDC No: 219-128█

Institution: Rivers Correctional Institution

Date:█    June 25, 2004    █

In the case of the above-named, the following parole action was ordered:

kescind parole grant effective date of May 25, 2004. Parole effective January 25, 2005. This requires
the additional service of 8 months.

NOTE:    Pursuant to 28 C.F.R. §Z84 < our< sidle :e    **contingent** upon approval of your
release plan by the Commission: Your.: release plan will;be~,iirye t gated;. by the D.C. Court Services and
Offender Supervision Agency, wtueb will 'subz   a report to the Corm  sion before a parole certificate
can be delivered.

You shall be subject to the.!Special Drug ., ⇔ca.re ,.oadrtion whic  requires;that you participate as
i nstructed by your u~u ervistbb Officer in a. pro    at~e:nt or outpataeat a ptpved by the D.C. Court
Services and Offender Supervision on Ageney for the t   trr ent of narcotic a  ictron or drug dependency.
That program mayktn~ludetesting:and examination eterriune i f you frame reverted, the use of drugs.
You shall also abstatn,frurztatie use ofalcalaol an   "other intoxicants during and after the course of
treatment.

**REASONS:**

You have committed<1 drug-related i  ctio  defines establishe   orrunrssion indicate a
range of up to 8 months be idded to, sour guideline range for each   'e ted infraction.

Your rescission guideline'range isb 8 rtonths,to:be added to your ottgrnaal: _  fe effective date of 05-25-
2004. After consideration of Yail relevant fhctgrs and infbrtnattdn presented -a departure from the guidelines
at this consideration is no marcai

THE ABOVE DECISION IS NOT APPEALABLE.`

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies
may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

Clerk:    ADC'~~~

# ATTACHMENT R

U.S. Department of Justice
United States Parole Commission

CERTIFICATE OF PAROLE
District of Columbia Offender

Having detumincd that (1) Wills, Anthony, Register No. 06980-007. (DCDC No. 219-128) (the "inmate is elil;ible for parole; (2) there is a reasunable probability that the inmate will live and resmut at liberty without violating the law; and (3) the inmate's relcase is not incompatible with the welfare of society. the United States Parole C;ornmicsion (the "Comrnission) ORDERS that the inmate be paroled on January 25, 2005 and remain under parole **supervision** through August. 21, 2008. The conditions listed in this ccnificate apply during me inmate's parole supervision.

Given under the band and the acawf~c.~oftuil +s p>; t7g.1»e~i 4w ~9, 1s.

' ~i201,E COM **nSSION**

Bradford

' L ~' A? '~,, •cc ~' er ndenee

DuckeJCuscI
Initial Risk Cfa i 'SF 3~ i "r' t^~?' ( tariove 1 e Conditwres

I have read, of -h M recd tgy the St ie; i ata;s CFRTFIZ CITE OF PAROLE I have received a Copy gl LEs C~RT>FIE~t't l 'i7i` 't(u to pe'conclit ot~s first have been imposed upor1tneand, ''' at if i l 6ti P~:5-may4,ee'n4 bnck,t0 prison.

oii3ertl yesniy,7vstii'etii~ hot Trr tree rmsltioi( .,;

By suing this:-CF1Z I 1K A (?k FARO ; Icp eat in unrcs&lL rmt.arirm between any facility admuristdtinR,'a••dra~gcbx' diiok'treatmc7a'pioAntln in w1ieia I;Aii br,Wlir")!e partiCipattnR, on the one hand, and the t>or"ikatcL 4d c:o 1t secponsible.fc+rLipc r~~ i1®e,Xii:dA•cther hand. I cnnsenl to disclostue by such'fUtt ilo thD,L: 15'eon ~`& i0 rra`pdiJSitib r yr stfpervising roe Of any infoematiun rcquestod 1gIātetltq~my's `s't d#sclostii 'b (fi c i missicm and the office supervising me to any agis~cytti~t.rcquaros sub ti aimation; S$r thepe oFirlapCC of an official dirty. This consent is irrevocable until

Anthony Wills — 219-128
Name — DCDC N.

Witnessed: Carlos Thomas Counselor — 1-25-05
Name and Title — Date

The above-named inmate was released on the 25th day of January, 2005 with a total of _____ days remaining to be served.

Queued: 01-24-2005 16:03:27 BOP-Barmum Place-Washington DC I USPO-District of Maryland, Gieenhelt I



Official Certifying Release

Queued: 01-2.4-2005 16:03:27 BOP-Rannum Placc-Washington DC | I JSPO-f istrict of Maryland, **Greenbelt**

TLis CERTrFRCAT OF PAROLFP beconxs effective on the day of release set forth **above,** aft x you Sign this ccrtilcute. If you fail to comply with any of the conditions, you many be sutmnuned to a hearing, or retaken on a warrant and rclmprisuned pending, a hearing, to dctcrralnc if your parole should be revoked.

GENERAT. cNDITIONS

1. **A.** You mist go directly to the District of Maryland and appear In person ai the United States Probation Office designated to supervise you. If you are unable to **appuff** in person at that office within three days of tcleasq you must appear In person at the United States Probation Office nearest to you and follow the **Instructions** of the duty officer.
   B. If you a n not released in the comrnunity after your parole, you must follow the instructions in I .A. above wheel you are released to the community.
2. You must not leave the District of Maryland without the written permission of the officer supervising you. For the purpose of applying all cnadifinns of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on bc)xa~[af opt~ a1lai **Oed** to your supuvision.
3. You must, betwcm the first and tltird 34 of mget .ia ,t) svr_Wn report to the officer supervising you. b, addition. you must meet witti lhioUloa'sarpetvIstn'gyou:3? rifll iifn";r'agd in such a manner as that officer directs• and provide suc}r~ atitrr>CIT u thaliot rcer eql 7ir, A11•ia~ofk4gliciit^tawt you provide in the officer supervising you must re 1c )trig
4. You must notify tht trpTr, aqpctyAyim , glYw irfr$lu s .q1 aye psit ,t questioning by a la - W forcemeat officeiy **olaial 'itr si n** d **oG** jCl a ehingp' p jrollr lpyrpeat
5• You must pcrmiti lh eci~ tr)#t SiiSiug. yews **V t;,.y¢,uc.:place** or~cs alid,tCro~.place of business or employment. A ^°i( 4§1 I
6. You must pciiniftlje officer ailpavising seine ratp that?~fktW Odiitvps.~tay be contraband and that is in..p1iu r view la tOpo waters m µd ;~l~jgtl ; c,` ljteg o{jw ncii~employment, and
7. You must futtfct~ to a f oil?if!hhnl oeSF , fa i I to du so by the n Mew gmpgfvWthg you.
8. You mist Si r vib>ine an v eri ewxr fii iip t **ilrla serrneone else wha, is vk-tM#%A*** tu'*.
   p ~. trig CQgt utrition a' d .
10. You musl nno!t ~ink n1cylDipl:AOKGttCy~s'aisdtR#1$.;apt}~1 .or possess oiled s slsstaacc. You must not froquctpa placzrah ,^0ar *1."trai1ed.~,st:sicq`s jt5 d one ribt~Ied. £ ›
I L You must mo1~iooociate iv a pcrfd~p.>4bo,(us rttmina lit' raipcr99ij64 from tlic.ot ices svpcribiAg you.
17.. You must ndFGaikra a: j;iccs i1 o t'as toruodarnvcI t (or., aw,enterecrnrnt agency without pcTrpis,;2QA hm'th srrirmiscio .' Y `wi,;r
13 You must make i dili o td'work tvgu ~ya;eFs excused by lbe"b11TL~ei~{t " yiswg yot~ and fin support any legal dep,~dentS'c r k` ; *r resr
14. You must rnake'a<frlrp4let tt.lcs' xa~r e, rectnudpnotder,;etelt ca'sts 0r46s4rment or child-support or nlitauuy i'aymeQHat,w lid yo"~;~yrtwu d: ~'uv, ul! t ~rCiv 4e41si 1w ral ~rgfor Dal oM;elevnnt to the payment of such a finrracial ob ' ` fit t i; e, r Icy' t3i1R,,gt~icti supevrw4&1yOp;. 1 yyyp are unable to pay such a finimciul obligation in vac **iwn** `yon m s1w c+opettlaarvirb t o elks supcsvu*ng you to establish an installrnenl-payment schedule n.-
15. If you are being parok4 frorirescnlc~nC'C~it sod.talbtvi:ngso its tr ii QfB'domestic-violence clinic, and that crnrvictioa is your first cuuvicfioti ibrbnc iitit} you-muSf as (j(15a 1nd by the of hear supervising you attm<I an approved offender.rchnbilitetlon prng'r'xrn suc><:a:proRrni uis readily ovrilahle within a 50 •rnile radius of your residence,
16. If you are required by low to report and register as a scx-offcnder, you must comply with that law.
17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by **Isw.**
18. You trust participate in an Employment Rcadine Program if so directed by the officer supervising you.
19. If YOU era being supervised by CSOSA, you meat submit to the sanctions imposed by the officer supervising you witb.in The limits ectablisbed by an approved schedule or graduated sanctions.
20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm

SPECIAL CONDITIONS

Queued: 01-24-2005 16:03:27 BOP-Bannunl Place-Washington DC I TWO-District of Maryland, Greenbelt I

In addition, you shall be subject 10 the Special Drug Aftercare Coudition that reyuircs that you Participate as imanxacd by your UJ.S. Probe lion Officer in a program (inp+tlicnt or outpalicnt) upprovcd by the U.S. Parole Canimission for the treatment of narcotic addiction or drug dependency. Thai program may include testing and examination to determine if you have rcvertcd to the **use** of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and allcr the course of treatment.



# ATTACHMENT S

**UNITED STATES DISTRICT COURA**
**DISTRICT OF MARYLAND**
PROBATION & PRETRIAL SERVICES OFFICE

**WILLIAM F. HENRY**
**CHIEF**

PROBATION OFFICES

250 W. PRATT STREET
SUITE 400
BALTIMORE, MD 21201
410-962-4740

9200 EDMONSTON ROAD
SUITE 200
GREENBELT, MD 20770
301-344-0510

PRETRIAL OFFICES

101 W. LOMBARD STREET
SUITE 1625
RE, MD 21201
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

6500 CHERRYWOOD LANE
SUITE 180
GREENBELT, MD 20770
301-344-0375

April 26, 2005

US PAROLE

MAY 2 - 2005

"~«JM SSION"

Mary Jo Williams
Post Release Analyst
U. S. Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase MD 20782

RE:     WILLS, **Anthony**
        **Register No.:06980-007**
        **VIOLATION REPORT/WARRANT**
        **REQUESTED**

Dear Ms. Williams:

Anthony Wills was released from federal custody on January 25, 2005, to parole supervision in the District of Maryland, with a special condition for drug aftercare. His parole is scheduled to expire on January 21, 2008.

Please refer to previous correspondence sent to your office dated February 8, 2005, in which you were advised that on February 8, 2005, Mr. Wills submitted a positive urine screen for morphine. On that same date, Mr. Wills signed a contract indicating that he is aware that as a result of his drug usage he is in violation of the terms and conditions of his parole and agreeing to follow this officer's directives as listed below:

1.      To report to the Salvation Army Drug Rehabilitation Program, a nine month residential substance abuse program in Bladensburg, Maryland on February 10, 2005, at 10:00 a.m. to begin his intake process.
2.      To follow all directives given by personnel at the Salvation Army Drug Rehabilitation Program.
3.      To contact this officer by February 11, 2005 to provide his status with the Salvation Army Drug Rehabilitation Program.
4.      To report to the U. S. Probation Office every Wednesday at 11:00 a.m. beginning February 16, 2005, until he is in residential treatment at the Salvation Army Drug Rehabilitation Program, Bladensburg, Maryland, or some other acceptable inpatient drug treatment program.

On February 16, 2005, correspondence was sent to you stating that the parolee reported to the office on February 16, 2005, and submitted a positive urine screen for morphine. You were advised that Mr. Wills reported to the Salvation Army Drug Rehabilitation on February 10, 2005, as instructed. As the parolee was scheduled to have outpatient eye surgery on February 23, 2005, on February 16, 2005, he was instructed to enter a detoxification program or the Salvation Army Drug Rehabilitation Program by March 1, 2005.

On March 16, 2005, you were advised that on March 14, 2005, Mr. Wills entered the Salvation Army Drug Rehabilitation Program, Bladensburg, Maryland, a nine month inpatient drug treatment program and verification of his entry in the program was submitted. It was recommended that no action be taken as Mr. Wills had entered residential drug treatment.

**VIOLATION NO. 1: Drug usage**

As stated above, Mr. Wills submitted positive urine screens for morphine at the U. S. Probation Office on February 8, and February 16, 2005.

On April 22, 2005, he submitted a positive urine screen for marijuana while a resident at the Salvation Army Drug Rehabilitation Program.



*REPLY TO:*
**U.S. Probation Office, 9200 Edmonston Road, Suite 200, Greenbelt, MD 20770 Tel:(301) 344-3779 Fax:(301) 344-3637**

**VIOLATION** NO. 2: **Failure to follow instructions regarding drug treatment**

On April 25, 2005, this officer went to the Salvation Army Drug Rehabilitation Program and was advised by Mr. Fasion, intake coordinator that Mr. Wills was instructed to leave the program on April 22, 2005, after submitting a positive urine screen for marijuana.

VIOLATION NO.3: **Failure to notify the probation officer within two days of a change in** residence

As previously stated, the parolee was discharged from the Salvation Army Drug Rehabilitation Program on April 22, 22205. As of this date he has not contacted this officer to advise of a change in his residence.

Mr. Wills has only been in the community for three months and his adjustment at present is poor as he has resumed using drugs, failed to follow instructions regarding drug treatment and failed to notify the probation officer within two days of a change in residence. Mr. Wills has been given the opportunity to address his long term substance abuse problems, however, he has failed to do so. It is clear that he is not amenable to community supervision, and, therefore, we request that a parole warrant be issued. As a result of his long term substance abuse problem, we request that any future period of supervision include participation in residential substance abuse treatment at the Salvation Army Drug Rehabilitation Center, Bladensburg, Maryland, or some other residential drug treatment program that requires at least a six month. stay and at the cost of Mr. Wills.

Sincerely,
i

Debbie Hopkins-Downs
U.S. Probation Officer
(301) 344-3779

Attachments: Discharge summary from the Salvation Army Drug Rehabilitation Center - 4/25/05
Positive urinalysis statement - 4/22/05

# ATTACHMENT T

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
PROBATION & PRETRIAL SERVICES OFFICE

**PROBATION OFFICES**
250 W. rRATT STREET
SUrrE 400
NALTIMORC, MD 11201
410-%2-4740

9200 EDMONSTON ROAD
SUITE 200
GREENBELT, MD 20770
301.1444519

*WILLIAM F.* **HENRY**
**CHIEF**

**PRETRIAL OFFICES**
101 W. LOMBARD STREET
SUITE 1623
BALTIMORE, MD 11101
410-%2-4R0

6500 CRERRYWOOD LANE
SUITE I9o
GREENBELT, MD 20770
301-344-0373

June 3, 2005

Tiffany R. Moore
Case Analyst Trainee
U. S. Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase MD 20782

**RE:** **WILLS, Anthony**
**Register No.:06980-007**
**VIOLATION REPORTJWARRANT REOUESTED**

Dear Ms. Williams:

Anthony Wills was released from federal custody on January 25, 2005, to parole supervision in the District of Maryland, with a special condition for drug aftercare. His parole is scheduled to expire on January 21, 2008.

Please refer to the last correspondence sent to your office dated April 26, 2005, in which a warrant was requested.

This is to advise that Mr. Wills has entered the Blair House, Washington, D.C., a transitional homeless rehabilitation program with a substance abuse component. As negative information has been circulating about this program, this officer visited the program on June 2, 2005. After interviewing Maxine Young, the program director, it was determined that this is not a residential drug treatment program, and although the program has a substance abuse component, it is not adequate to address Mr. Wills' drug usage and lengthy drug history. Within two weeks of his release Mr. Wills resumed using drugs. He entered the Salvation Army Drug Rehabilitation on March 14, 2005, but was terminated from the program on April 22, 2005 due to drug usage.

Based on the above, we continue to request that a warrant be issued and that any future periods of parole supervision include a special condition that the parolee complete a long term residential substance abuse program (at least six months).

If you need additional information, please advise.

Sincerely,

Debbie Hopkins- 0 owns
U.S. Probation Officer
(301) 344-3779

# ATTACHMENT U

4- 46

# Memorandum

**Subject**
**Warrant Execution Instructions Regarding:**
**Wills, Anthony**
**Reg. No. 06980-007**
**DCDC No. 219-128**

**Date**
**June 19, 2005**

**To**

U.S. Marshal
District of Maryland
170 U.S. Courthouse
Greenbelt, MD 20770

**From**

Tiffany R. Moore
Case Analyst Trainee
U.S. Parole Commission

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

**If the parolee is already in the custody of federal, state, or local authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence. If after executing this warrant, it is determined that another arrest warrant for the parolee has been executed or was outstanding at the time this parole violator warrant was executed, the arresting officer may, within 72 hours of executing this warrant, release the parolee to the other arrest warrant and place the violator warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.**

**If the prisoner** is **sentenced to a new federal, state or local term** of **imprisonment, place the warrant as a detainer and indicate the institution designated** for service of sentence.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc: D.C. Court Services and Offender Supervision Agency
Special Projects Unit

 

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

| | | | |
|---|---|---|---|
| Name | **Wills, Anthony** | | |
| **Reg. No** | **06980-007** | Date | **June 19, 2005** |
| DCDC No | 219-128 | Termination of Supervision | **August 21, 2008** |
| FBI No | 544538DA1 | [If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term] | |
| Birth Date | **September** 27, **1966** | | |
| **Race** | **Black** | | |
| | | Violation Date | **April** 22, 2005 |
| | | Released | January 25, 2005 |
| Sentence Length | **11 years (Original); 1977 days (PV Term)** | | |
| Original Offense | **Distribution of Cocaine; Distribution of Heroin** | | |

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No. I - Violation of Special Condition (Drug Aftercare).** The releasee was terminated from the Salvation Army Drug Rehabilitation Program on 4/22/2005 after he tested positive for marijuana use. This charge is based on the information contained in the violation report dated 4/26/2005 from U.S. Probation Officer Debbie Hopkins-Downs.

I **ADMIT [ ] or DENY [ ]** this charge.

9 o

**Charge No. 2 - Failure to Report** Change in **Residence.** The releasee left his last known residence on or before 4/22/2005 and failed to report a new residence to the supervising officer within 48 hours. The releasee's whereabouts are unknown. This charge is based on the information contained in the violation report dated 4/26/2005 from U.S. Probation Officer Debbie Hopkins-Downs.

**I ADMIT [ ] or DENY [ ] this charge.**

Probable Cause Hearing Is Required

Wa **ant Recomme ed By:**

Warrant Issued June 19, 2005

, **ase Analyst Trainee**

**.S. arole Commission**

Community Supervision Office Requesting Warrant: District of Maryland, Greenbelt

10 40

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Wills, Anthony, Reg. No. 06980-007, DCDC No. 219-128, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 11 years (Original); 1977 days (PV Term) for the crime of Distribution of Cocaine; Distribution of Heroin and was on January 25, 2005 released on parole from District of Columbia CCM with 1304 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of. §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on June 19, 2005

U.S. P ole Commi oner

---

**Wills, Anthony**
**Reg. No. 06980-007 DCDC No. 219-128**

# ATTACHMENT V

U.S. Department of Justice
United States Parole Commis ton
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

of Action

---

Name: Wills, Anthony
Register Number: 06980-007
DCDC No: 219-128

Institution: D.C. Dept. of Corrections

Date: November 2, 2005

In the case of the above-named, the following action was ordered:

Release forthwith from **custody of warrant dated June 19, 2005 and reinstate to supervision and terminate revocation process. You shall report to your Community Supervision** Officer immediately **upon release.**

NOTE TO U.S. MARSHAL: Return the unexecuted warrant to this office as soon as possible.

**THE ABOVE DECISION IS NOT APPEALABLE.**

**Copies of** this Notice are sent to your institution and to your supervising officer. **In** certain cases, copies may also **be sent to the** sentencing court. You are responsible for advising any others you wish **to notify.**

**cc:** U.S. Marshals Service
District of Columbia - District Court
333 Constitution Ave, N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: Sean McLeod

U.S. Probation Office
District of Columbia
3rd & Constitution Avenue, N.W.
U.S. Courthouse, Room 2800
Washington, D.C. 20001-2866



---

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Noloof Action**

Name: Wills, Anthony
Register Number: 06980-007
DCDC No: 219-128

Institution: D.C. Dept. of Corrections

Date: November 2, 2005

In the case of the above-named, the following action was ordered:

**Withdraw warrant dated June 19, 2005 and reinstate to supervision and terminate revocation process. You shall report to your Community Supervision Officer immediately upon release.**

**NOTE** TO U.S. MARSHAL: Return the unexecuted warrant to this office as soon as possible.

**THE ABOVE DECISION IS NOT APPEALABLE.**

**Copies of this Notice are sent to** your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc: U.S. Marshals Service
District of Columbia - District Court
333 Constitution Ave, N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: Sean McLeod

U.S. Probation Office
District of Columbia
3rd & Constitution Avenue, N.W.
U.S. Courthouse, Room 2800
Washington, D.C. 20001-2866

# ATTACHMENT W

ITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
**PROBATION & PRETRIAL SERVICES_ OFFICE**

PROBATION OFFICES
250 W. PRATT STREET
SUITE 400
BALTIMORE, MID 21201
410-%2-4740

9200 EDMONSTON ROAD
SUITE 200
GREENBELT, MD 20770
301.3440510

WILLIAM F. HENRY
CHIEF

PRETRIAL OFFICES
101 W. LOMBARD STREET
SUITE 1625
TIM ORE, MD 21201
410-962-4520

HERRYWOOD LANE
SUITE 160
ENBELT, MD 20770
301-344-0375

July 17, 2006

RECEIVED
JUL 20 2006
US FAR01. F f rli, ^icy: i

Marc Bransky
Post Release Analyst
U. S. Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase MD 20782

**RE: WILLS, Anthony**
**Register No.:06980-007**
**VIOLATION REPORT/**
**WARRANT REQUESTED**

Dear Ms. Bransky:

Anthony Wills was released from federal custody on January 25, 2005, to parole supervision in the District of Maryland, with a special condition for drug aftercare. His parole is scheduled to expire on January 21, 2008.

It should be noted that within two weeks of his release Mr. Wills resumed using drugs. He entered the Salvation Army Drug Rehabilitation on March 14, 2005, but was terminated from the program on April 22, 2005 due to drug usage.

On April 26, 2005, and June 3, 2005, we sent you correspondence requesting a warrant as Mr. Wills was terminated from the Salvation Army Drug Rehabilitation Program, a residential substance abuse program, Bladensburg, Maryland, as a result of drug usage. He entered the Blair House, a transitional homeless rehabilitation program with a substance abuse component. As negative information had been circulating about this program, this officer visited the program on June 2, 2005. After interviewing Maxine Young, the program director, it was determined that this was not a residential drug treatment program, and although the program has a substance abuse component, it was not deemed adequate to address Mr. Wills' drug usage and lengthy drug history.

On June 19, 2005, a warrant was issued and the parolee was subsequently taken into custody. On November 1, 2005, a parole hearing was held and on November 2, 2005, the parolee was ordered to be released He was released on or about November 3, 2005.

This is to advise that Ms. Wills has violated the following terms and conditions of his parolee:

**VIOLATION NO. 1: Failure to comply with drug aftercare**

Mr. Wills was discharged from Oasis, a methadone clinic in Washington, D.C., on July 1, 2006, as a result of several missed appointments and drug usage. missed a counseling appointment at Oasis,

**VIOLATION NO. 2: Drug Usage**

On May 10, 2006, Mr. Wills submitted a positive urine screen for cocaine. On June 22, 2006, he submitted a positive urine screen for cocaine and opiates.

19

**VIOLATION NO. 3: New Law Violation**

On July 13, 2006, the parolee was arrested in the District of Columbia on a charge of Theft (Case No. 2006-CF2014316). He is scheduled to appear in the District of Columbia Superior Court on July 19, 2006. Mr. Wills is being held at the District of Columbia Jail. Enclosed please find the police report regarding this offense.

Mr. Wills has been in the community a total of 18 months. As previously stated we requested a warrant in April 2005, after he had only been in the community for a three month period, as the parolee was using drugs, failed to comply with drug treatment and failed to report as change in his residence. A warrant was issued in June 2005, and he was subsequently taken into custody. He was restored to parole supervision in November 2005, and he has allowed his adjustment to return to a poor state for primarily the same reasons (drug usage and failure to comply with drug treatment). In addition, he has incurred a new arrest.

The parolee has been given the opportunity to address his long term substance abuse problem, however, he has failed to do so. It is clear that he is not amenable to community supervision, and, therefore, we request that a parole warrant be issued. As a result of his long term substance abuse problem, we request that any future period of supervision include participation in residential substance abuse treatment at the Salvation Army Drug Rehabilitation Center, Bladensburg, Maryland, or some other residential drug treatment program that requires at least a six month stay.

If you need additional information, please advise.

Sincerely,

Debbie Hopkin -Downs
U.S. Probation Officer
(301) 344-3779

Attachment: Drug treatment documentation
Police report

*REPLY TO:*
**U.S. Probation Office, 9200 Edmonston Road, Suite 200, Greenbelt, MD 20770 Tel:(301) 344-3779 Fax:(301) 344-3637**

# ATTACHMENT X

0

# Memorandum

**Subject**
**Warrant Execution Instructions Regarding:**
Wills, Anthony
**Reg. No. 06980-007**
**DCDC No. 219-128**

Date

August 21, 2006

**To**

U.S. Marshal
District of Maryland
605 U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201

**From**

Sylvia B. Hall
Case Analyst
U.S. Parole Commission

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

Please assume custody as soon as possible or when located.

if the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission. Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence.

If the prisoner is sentenced to a new Federal or State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**PAROLE OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.
Enclosure

cc:
General Supervision Unit IX-Team 53
CSOSA
1418 Good Hope Road, S.E.
Washington, D.C. 20020

SBH

r

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name█_____**Wills█Anthony**

Reg. No█_____06980-0█7
DCDC No█_____219-128
FBI No█_____544538█DA1
Birth Date ...................
Race█_____**Bla█k**

[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date█_____May 1█, 2006
Released█_____January 25, 2005

**\*Subject was in custody of warrant dated 6-
19-2005 from 10-27-05 to 11-02-05**

Date█_____█ August 21, 2006
Termination of Supervision     August 21, 2008
Sentence Length█_____**1977 days Parol█e Violator Term**
Original Offense█_____**Distribution H█roin and Distribution of Cocaine**

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Parole Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative  of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you will fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions  of supervision; or (c) refer you to a residential community treatment center for the remainder  of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. I - Use** of Dangerous and **Habit Forming Drugs.**  The releasee submitted urine specimens on 05/10/06 which tested positive for: Cocaine Metabolite, Codine, Hydromorphone, and Morphine.
This charge is based on the information contained in the violation report dated 07/17/06 from Supervising Officer Debbie Downs and corresponding drug report dated 06/02/06
I **ADMIT [ ] or DENY [**   I this charge.

**Charge No. 2 - Violation** of Special Condition (Drug Aftercare). The releasee was terminated from Oasis on 07/01/06 for several missed appointments, drug usage, and missed counseling appointments. This charge is based on the information contained in the violation report dated 07/17/06 from supervising officer  Debbie Downs and discharge summary from program.
**I ADMIT [ ] or DENY [ ]** this charge.

**Charge No. 3 - Law Violation. Theft 1.** On 07/13/06, the releasee stole several computers and printers from Howard University. The releasee was arrested by the United States Marshals for the above-cited offense on July 13, 2006. This charge is based on the information contained in the violation report dated 07/17/06 from supervising officer Debbie Downs and a police report dated 07/13/06. Status of Custody/Criminal Proceedings: The case *was dismissed at court on July 14, 2006.*
I **ADMIT [ ] or** ***DENY [ ]*** this charge.

**Preliminary Interview Is Required** **Warrant Recommended By:**

r

Warrant Issued August 21, 2006

**Sylvia B. Hall, Cas nalyst**
**U.S. Parole Commission**

U.S. Probation Office Requesting Warrant: General Supervision Unit **IX-Team 53,1418 Good Hope Road**

# WARRANT
## D.C. Code, Offender

U.S. **Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

W 1EREAS, Wills, Anthony, Reg. No. 06980-007, DCDC No. 219-128, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 1977 days Parole Violator Term for the crime of Distribution Heroin and Distribution of Cocaine and was on January 25, 2005 released on parole from Rivers Cl with 1304 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of. §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on August 21, 2006

U.S. Parole Commissioner

Wills, Anthony
**Reg. No. 06980-007 DCDC No. 219-128**

# ATTACHMENT Y

Option A

**ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION**

Bottom of Guidelines

I. A Y7 "i rl S Register No. 2l Z S''' O 6 3 S'v c

agree to an **EXP ITED REVOCATION DECISION** as described below. I understand that the Commission is not obligated to render an Expedited Decision in my case. I also understand my consent does not constitute an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation. By executing this form, I am advising the Commission, in advance of any possible offer, that I will accept the Expedited Decision described below. I understand if the Commission does not approve the examiner's recommendation for an Expedited Decision, I will be granted an in-person revocation hearing. I understand, therefore, by consenting to accept an Expedited Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing under Commission Rules and Procedures).

*My* Revocation Offense Severity has been tentatively determined as a Category One or Two. I also understand if I have committed disciplinary infractions or new criminal conduct, during any period of confinement that is credited toward my guidelines, the Commission may include rescission guidelines specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result of my consent. If, however, I believe that the Commission has erred in determining the (1) Salient Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release conditions, after I signed this advanced consent to an Expedited Decision, I may request that the Commission amend its decision.

DNL~ ~Q...~6 70 'T''~f~S IF (~,C EEL



0[0] 0 **Option** A

Note ithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole,'mandatory release.'supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date, term of imprisonment that will require me to serve no greater than the bottom of my guideline range. If, however, the bottom of my guideline range is 0 months, I agree to a parole date, term of imprisonment that will require me to serve at least'-' but not more than 5 months.

I also agree to accept the following special conditions:

---

Alleged Violator: tv"as 067 (pL-
'Print Natne Register No.

ignature 1, z a i f06
to

Attorney: ro ja1)o(,
tgnature Date

USPC Examiner:
Signature Du e

# ATTACHMENT Z

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: WILLS, Anthony
Register Number: 06980-007
DCDC No: 219-128

Institution: D.C. Correctional Treatment Facility
Date: December 4, 2006

**ADVANCED CONSENT TO EXPEDITED REVOCATION**

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on October 31, 2006 and approved by the Commission on 11/222006:

paRevoke parole. None of the time spent on; supervision-shall be credited •'Ttme spent in confinement from. 10/27/2005 through 11122005 rs 1v be credited to said servrce of the t7 axiiilum sentence. Continue to a presumptive parole on October 19 2007 a let the serti-tce.:oC 12 r ctnths. 'This presumptive parole date is conditioned upon your matntainln$:good i lsturult.onal..conduct'and the ddeveloprrient of a suitable release plan. The Commission will conduct a pre : ekease record review up to.;9 months prior to the presumptive role date to asce1ainthat"these conditions hake i~een ful lied In older lb- complete this review, the Case Manager should submit att updated Progress J eport to the commission 10 months prior to the presumptive par 'le< date li where, -have .been DiscrpJtnary Reports since the Curitritission's last review, they should be au'iehed 1q the Progrets:::R - ' "rt lot;the Commission's consideration ;.,-If the Commission has requested that a-currepipsycht logical ar clitamc report be prepared for t its review, it also should be attached.

In addition, you shall be'-subject:' he Special': care C n ilion tlia.t'.requires that you participate as instructed b>' yotii< Supervision Officer in a"progiarn (inpa1iCtlt pr outpatient) approved b the D.C. Court Sei :ices aitd Oft'ender Supervi ion Agency for the treatment of narcotic -iddictio o drug dependency.;---,Thatp oerarn may inc u e: testing.- and examinatio t to determine if you have reverted to the use of drugs: _.You sh 1 also abstain frorij •the use of alcohol and all othe ' infoxicants during and after the course of treatment°!` , " '

FINDINGS OF FACT: 't.

The Commission has found that you violaced.the.following:condition(s) of release:

Charge No. I - Use of Dangerous and Habit Foiming Drugs-

Charge No. 2 - Violation of Special Condition (Drug Aftercare)

Charge No. 3 - Law Violation - Theft I

Basis for the above-stated finding(s): Your acceptance of responsibility for the violations and your agreement to accept revocation.

(2)

Queued: 12-06-2006 10:29:40 BOP-D.C. Correctional Treatment Facility I BOP-D.C. Federal Billing Unit I USPO-General Supervision Unit LX-Team _53,14 18 Good Hope Road I USM-District of Columbia - District Court, D.C. District Court 1 FPD-District of Columbia, District of Columbia - DC I

**REASONS:**

Your parole violation has been rated as Category One severity because it involved administrative violations and receiving stolen property valued at less than $500. Your salient factor score is 1. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of November 20, 2006, you have been in custody for I month. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not found wananted.

THE ABOVE DECISION IS NOT.APPtALABLE-=

Copies of this Notice are sent to roux msUtuti n wd to your sugeciisitig..offic r. In certain cases, copies may also be sent to the senle r tng:cQurl YQu re responsible rar dytsing any.others you wish to notify.

cc: Sharon Barnes' 1Dyrliin;>SCSA'
CSS Data Management Group
D.C. Court Selvices &:C ffender, Supe ti'i? ion Agency
300 Indiaioa<A enue I~1 \ ; Suite 2.149:
\Vashingio

D.C. FederaJ Billing ilnit
D.C. Depart nentnf Corrections
Washington I). C. 0003.,

D. Hopkins ;Downs'.°',
General Supe!'"Mop-.0-nit: IX-Team 53
CSOSA
1418 Good Hope-Roa'd S1.,
\Vashingion, D.C72D02t

Vincent Haskell
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

U.S. Marshals Service
District of Columbia - District Court
333 Constitution Ave, N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: David Bald-,vin

Queued: 12-06-2006 10:29:40 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit I USPO-General Supervision Uuit tX-Team 53,1418 Good Hope Road I USM-District of Columbia - District Court, D.C. District Court I FPD-District of Columbia, District of Columbia - DC I

# ATTACHMENT AA

a

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: WILLS, Anthony
Register Number: 06980-007
DCDC No: 219-128

Institution: Moshannon Valley Correctional Center
Date: December 22, 2006

**ADVANCED CONSENT TO EXPEDITED REVOCATION**

In the case of the above-named, the following action was ordered:

Amend the Notice of Action dated Decemt?et 4,. 2Q06"to _show parole effective July 9, 2007 to the consecutive 100 day sentence. ITtis`%vih, ec~liiie tv1 ·5crvice' + I monus.

All other provisions of that Nouce of-Action:.>emain in-e#feet uicl uding the decision to revoke parole and none of the time spent on'sitpcivlston shall be cN dated

THE ABOVE DECrSILUI4 ISNd7"APPEALBL

Copies of this NQtrtteatre sent~to your institution-an tct your supervlsrng 0 rcer In' cetlain cases, copies May also be sentto thesentepcrn watt You are res it'sible for adNisin a others You wish to notify.

cc: Sharon Baries-DurbIn 5
CSS Data Management.;, roup
D.C. Court'Services c.,0ffer det Supervtstot3 Agency
300Indi~naA~=hnue;N. ?.,'Some-149
Washington,;,L> C·200Ij:1

General Super%U on:Unit IX-Team 14
CSOSA
1418 Good *Hope' Road,.* E.
Washington, D.C *(2002b-*

Jeremy Alper
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

U.S. Marshals Service
District of Columbia - District Court
333 Constitution Ave, N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: David Baldwin

AA