UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 15 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY L. WILLS,

        Petitioner,

v.

WARDEN WILLIAM J. SMITH, *et al.*,

        Respondents.

Civil Action No. 06-2256 (RJL)

**MEMORANDUM OPINION**

This matter is before the Court on petitioner's petition for a writ of habeas corpus. For the reasons stated below, the petition will be denied.

I. BACKGROUND

Petitioner was convicted in the Superior Court of the District of Columbia and on January 5, 1990 was sentenced to an aggregate term of 11 years' imprisonment. United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Comm'n Opp'n"), Attachment ("Attach.") A (Sentence Monitoring Computation Data) at 1. Between November 1992 and October 2006, the United States Parole Commission ("Commission") released petitioner on parole three times, *see* Comm'n Opp'n, Attach. B, D, I & R (respectively, August 18, 1992, February 27, 1997, February 15, 2000, and January 25, 2005 Certificates of Parole), and revoked his parole four times. *See id.*, Attach. C, F, P & Z (respectively, December 18, 1996 and August 24, 1998 Notices of Board Order and April 25, 2003 and December 4, 2006 Notices of Action). His most recent release on parole occurred on January 25, 2005. *Id.*, Attach.

R (January 25, 2005 Certificate of Parole).

It was reported that petitioner violated the conditions of his parole release. Petitioner tested positive for morphine and marijuana, failed to follow instructions regarding drug treatment, and failed to timely notify his probation officer of his change of address upon his expulsion from a drug treatment program. Comm'n Opp'n, Attach. S (April 26 and June 3, 2005 Violation Reports). In addition, petitioner was arrested on July 13, 2006 in the District of Columbia and was charged with theft. *Id.*, Attach. W (July 17, 2006 Violation Report). The Commission issued a parole violator warrant on August 21, 2006. *Id.*, Attach. X (Warrant Application and Warrant). Subsequently, petitioner agreed to an expedited parole revocation procedure on October 31, 2006. *See id.*, Attach. Y (Advanced Consent to Expedited Revocation Decision) & Attach. Z (December 4, 2006 Notice of Action). Pursuant to the parties' agreement, the Commission revoked parole, forfeited "street time," and continued the matter to a presumptive parole date of October 19, 2007. *Id.*, Attach. Z. The Commission later amended its Notice of Action such that petitioner's parole violation sentence runs consecutively to the misdemeanor sentence imposed by the Superior Court for the theft offense. *Id.*, Attach. AA (December 22, 2006 Notice of Action).

## II.  DISCUSSION

### A.  *Petitioner is Subject to the Commission's Authority*

Petitioner challenges the Commission's "authority having jurisdiction over his 'Post Supervision Release Term' and the power to revoke his sentence again," Pet. at 8, when that

sentence "'expired' as of January 5th, 2001." *Id.* at 9 (page numbers designated by the Court).[1]
According to petitioner, the Commission acts as if it were an "Article III Judge" by "resentencing" him to longer terms of incarceration.[2] *See id.* at 9-10.

The Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. *See* D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). It "does not exercise a judicial function and its decisions do not violate the separation of powers." *Morrison v. United States Parole Comm'n*, No. 04-2192, 2006 WL 1102805, at *2 (D.D.C. Apr. 26, 2006) (citations omitted). Rather, the Commission has full authority to grant, deny, or revoke a District of Columbia offender's parole, and to impose or modify conditions upon an order of parole. *See* D.C. Code § 24-131(a).

If a parolee allegedly has violated conditions of his release, the Commission is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.98(a)(2). Among the available sanctions for a parolee's violation of conditions of his release is his return to custody. *See* 28 C.F.R. § 2.20. The Commission does not add years to petitioner's prison sentence. Petitioner finds himself in custody long after his 1990 Superior Court sentence ordinarily would have expired because of his own conduct while on parole.

---

[1] Petitioner attached five typewritten pages to a six-page preprinted form designed for the filing of a habeas petition by a person in custody in the District of Columbia. The Court designates the typewritten pages as pages 8-12 of the petition.

[2] The Court rejects petitioner's contention, *see* Pet. at 11, that the Parole Commission has been abolished. The United States Congress has extended the Commission's existence through October 2008. *See* United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, § 2, 119 Stat. 2035 (2005).

3

*B. Petitioner Receives No Credit for "Street Time"*

Under District of Columbia law, when parole is revoked, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a). Petitioner is not entitled to receive credit toward service of his sentence for this "street time." *United States Parole Comm'n v. Noble*, 693 A.2d 1084, 1091-1104 (D.C. 1997) (interpreting D.C. Code § 24-206(a) on certification of question from the District of Columbia Circuit), *aff'd on reh'g*, 711 A.2d 85 (D.C. 1998) (en banc); *Jackson v. Harrison*, No. 05-1969, 2006 WL 3313300, at *1 (D.D.C. Nov. 14, 2006) ("It is settled that District of Columbia prisoners have neither a constitutional nor a statutory right to retain street-time credit once their parole is revoked."); *see also Jones v. Bureau of Prisons*, No. 02-5054, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002) (per curiam) (denying certificate of appealability on ground that appellant did not make substantial showing of denial of constitutional because appellant not entitled to credit for street time). This provision applies retroactively to parolees who committed offenses prior to issuance of the *Noble* decision. *Davis v. Moore*, 772 A.2d 204 (D.C. 2001) (en banc) (holding that retroactive application of *Noble* does not violate due process and *ex post facto* clauses of the United States Constitution); *see Jones v. Bureau of Prisons*, 2002 WL 31189792, at *1.

## III. CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3) (1994). Petitioner has made no such showing, and, therefore the Court must deny his petition. An Order consistent with this Memorandum Opinion will be issued separately.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

Date: